```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

SHARON FISHER,                  )
                                )
    Plaintiff,                 )
                                )
v.                              )
                                )   No. 18-2884-JTF-tmp
FEDEX EXPRESS,                  )
                                )
    Defendant.                 )
_____

## REPORT AND RECOMMENDATION
_____

    Before the court is defendant Federal Express Corporation's ("FedEx") Motion to Dismiss for Failure to Timely Serve Complaint. (ECF No. 8.)  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  For the following reasons, the undersigned recommends that the motion be denied.

    Plaintiff Sharon Fisher filed her *pro se* complaint and paid the filing fee on December 28, 2018.  (ECF Nos. 1 & 2.)  Summons was issued that same day.  (ECF No. 7.)  FedEx filed the present motion on April 9, 2019.  (ECF No. 8.)  The court held a scheduling conference on April 16, 2019.  (ECF No. 10.)  At a status conference held on June 20, 2019, counsel for FedEx informed the court that FedEx had still not been served.  (ECF No. 12.)  The presiding District Judge set a deadline of July 3, 2019, for Fisher to respond to the motion to dismiss.  (ECF NO. 12.)  Fisher

responded on July 3, 2019.  (ECF No. 16.)  In her response, Fisher states that her research indicated that the time to serve a defendant was 120 days.  (ECF No. 16 at 1.)  However, Federal Rule of Civil Procedure 4(m) has since been amended to reduce that time to 90 days.  Fisher also attached an email correspondence between herself and FedEx's counsel.  (Id. at 7.)  Fisher provided a copy of the complaint and waiver of the service of summons on May 3, 2019, and FedEx's counsel responded on May 6, 2019, indicating that, should the motion to dismiss be denied, he would sign the waiver of summons.  (Id. at 2, 7.)

Federal Rule of Civil Procedure 4(m) permits a court to extend the 90-day time limit for service if a plaintiff shows good cause.  Fisher apparently made no attempt to effect service within the 90-day limit and her email correspondence was likewise untimely.  The court notes that the email correspondence would have been untimely even under the previous 120-day limit.  Nonetheless, given Fisher's *pro se* status and attempt to effect service, the undersigned submits that good cause to extend the time for service exists.  It is therefore recommended that FedEx's motion be denied.  It is further recommended that, should the recommendation be adopted, Fisher be granted 30 days from the entry of such order to properly effect service of process.

Respectfully submitted,

-2-

```
                                s/ Tu M. Pham
                                TU M. PHAM
                                United States Magistrate Judge

                                July 8, 2019
                                Date
```

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**