# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| SHARON FISHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-02884-JTF-tmp |
| FEDEX EXPRESS, | ) ) ) |
| Defendant. | ) ) |

_____

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS
_____

Before the Court is Defendant FedEx's Motion to Dismiss for Failure to Timely Serve a Complaint; the Motion was filed on April 9, 2019. (ECF No. 8.) Pursuant to Administrative Order 2013-05, this case, including Defendant's Motion, was referred to the Magistrate Judge for management of all pretrial matters. On July 3, 2019, Plaintiff Sharon Fisher filed a Response in Opposition to Defendant's Motion to Dismiss. (ECF No. 16.) The Magistrate Judge considered the arguments presented by both parties and entered a Report and Recommendation on July 8, 2019, suggesting that this Court deny Defendant's Motion. (ECF No. 17.) Plaintiff did not file any objections to the Report and Recommendation.

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED and Defendant's Motion to Dismiss should be DENIED.

## FINDINGS OF FACT

In his Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 17, 1–2.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

Federal Rule of Civil Procedure 4 requires that a defendant be served within 90 days after the complaint is filed, otherwise the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for her failure to properly serve the defendant, "the court must extend the time for service for an appropriate period." *Id*.

Here, Plaintiff filed her pro se complaint and paid the filing fee on December 28, 2018. (ECF Nos. 1 and 2.) A summons was issued to Defendant that same day. (ECF No. 7.) Defendant filed its Motion to Dismiss on April 9, 2019, arguing that pursuant to Fed. R. Civ. P. 4(m), Plaintiff had until March 28, 2019—90 days from her December 28, 2018 filing date—to serve Defendant and that her failure to do so should result in the action being dismissed. (ECF No. 8-1.) At a status conference on June 20, 2019, Defendant notified the Court that it had still not been served. (ECF No. 12.) The Court set a deadline of July 3, 2019 for Plaintiff to respond to Defendant's Motion to Dismiss. (*Id*.) Plaintiff filed her response on July 3, 2019, informing the Court that based on her research, she thought the rules provided 120 days in which to serve Defendant. (ECF No. 16.) Plaintiff also attached an email correspondence between herself and Defendant, which indicated that she sent Defendant a waiver of the service of summons on May 3, 2019. (*Id*. at 7.) Defendant responded on May 6, 2019, notifying Plaintiff that it would sign the waiver of summons if the Court denied its Motion to Dismiss. (*Id*.)

The Court adopts the Magistrate Judge's conclusion that even though Plaintiff did not serve Defendant within the 90-day limit or correspond with Defendant via email in a timely manner, her pro se status and apparent attempt to effect service provides good cause for the Court to extend her time for service. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (holding

that a plaintiff's pro se status requires the court "to construe Rule 4 'leniently'") (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994)). Plaintiff is hereby given thirty (30) days from the entry of this Order to properly serve Defendant or the case shall be dismissed without prejudice for failure to prosecute.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Dismiss.

**IT IS SO ORDERED** on this 24th day of October 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge